UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMONT C. CHERRY,

Plaintiff,

-against-

THE CITY OF NEW YORK; THE DEPARTMENT OF
CORRECTIONS; ALL STAFF AT RIKERS ISLAND;
THE STATE OF NEW YORK,

Defendants.

25-CV-7477 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

Plaintiff, who currently is incarcerated at the Robert N. Davoren Center ("RNDC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that since June 2025, he has been subjected to myriad unconstitutional conditions of confinement. By order dated May 26, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**DISCUSSION**

**A.     New York City Department of Correction ("DOC")**

The Court must dismiss Plaintiff's claims against DOC because it is not a suable entity. Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). New York City's Charter requires suits against agencies of the City of New York to be brought against the City of New York, rather than the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). DOC does not have the power to sue and be sued in its own name. *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis."). Any claims against the DOC must be brought against the City of New York, an already-named Defendant. The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

**B.     State of New York**

Plaintiff's Section 1983 claims against the State of New York are barred by the Eleventh Amendment. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (holding that, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York on immunity grounds. 28 U.S.C. §§ 1915(e)(2)(B)(iii).

**C.     City of New York**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.[2]

**CONCLUSION**

For the reasons set forth in this order, the Court dismisses Plaintiff's claims against the New York City Department of Correction and the State of New York for failure to state a claim on which relief may be granted, and on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

---

[2] Plaintiff also names "All Staff at Rikers Island," which the Court construes as a placeholder to represent John or Jane Doe DOC employees. The Court will consider directing the City of New York and DOC to identify Doe defendants at a later stage if necessary. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (holding that under certain circumstances, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:
New York, New York
6/8/26

JOHN G. KOELTL
United States District Judge

4